```
                    UNITED STATES DISTRICT COURT
                        DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| TROY JIHAD WILSON, | HONORABLE JEROME B. SIMANDLE |
| Plaintiff, | Civil Action |
| v. | No. 16-cv-07103(JBS-AMD) |
| CAMDEN COUNTY JAIL, | **OPINION** |
| Defendant. | |

APPEARANCES:

Troy Jihad Wilson, Plaintiff Pro Se
3216 Bethel Ave.
Pennsauken, NJ 08109

**SIMANDLE, Chief District Judge:**

1.   Plaintiff Troy Jihad Wilson seeks to bring a civil rights complaint pursuant to 42 U.S.C. § 1983 against the Camden County Jail ("CCJ"). Complaint, Docket Entry 1.

2.   Section 1915(e)(2) requires a court to review complaints prior to service in cases in which a plaintiff is proceeding *in forma pauperis*. The Court must *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. This action is subject to *sua sponte* screening for dismissal under 28 U.S.C.

§ 1915(e)(2)(B) because Plaintiff is proceeding *in forma pauperis*.

3.  For the reasons set forth below, the Court will dismiss the complaint without prejudice for failure to state a claim. 28 U.S.C. § 1915(e)(2)(b)(ii).

4.  To survive *sua sponte* screening for failure to state a claim, the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *Fowler v. UPMS Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014). "[A] pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

5.  Plaintiff presumably seeks monetary damages[1] from CCJ for allegedly unconstitutional conditions of confinement. As the CCJ is not a "state actor" within the meaning of § 1983, the claims against it must be dismissed with prejudice. *See Crawford*

---

[1] Plaintiff has not stated any requested relief in the complaint.

*v. McMillian*, 660 F. App'x 113, 116 (3d Cir. 2016) ("[T]he prison is not an entity subject to suit under 42 U.S.C. § 1983.") (citing *Fischer v. Cahill*, 474 F.2d 991, 992 (3d Cir. 1973)).

6. Plaintiff may be able to amend the complaint to name state actors who were personally involved in the alleged unconstitutional conditions of confinement, however. To that end, the Court shall grant Plaintiff leave to amend the complaint within 30 days of the date of this order.

7. Plaintiff is advised that the amended complaint must plead sufficient facts to support a reasonable inference that a constitutional violation has occurred in order to survive this Court's review under § 1915. Plaintiff alleges he experienced unconstitutional conditions of confinement from 2006-2007 and from June 24, 2016 to July 26, 2016. Complaint § III. The factual portion of the complaint states: "Was taken to the Camden County Jail, where I was stripped search and put into a cell where I had to sleep on the floor." Complaint § III. Even accepting the statement as true for screening purposes only, there is not enough factual support for the Court to infer a constitutional violation has occurred.

8. Plaintiff alleges that he slept on the floor, presumably because no beds were available. The mere fact that an individual is lodged temporarily in a cell with more persons

3

than its intended design does not rise to the level of a constitutional violation. *See Rhodes v. Chapman*, 452 U.S. 337, 348-50 (1981) (holding double-celling by itself did not violate Eighth Amendment); *Carson v. Mulvihill*, 488 F. App'x 554, 560 (3d Cir. 2012) ("[M]ere double-bunking does not constitute punishment, because there is no 'one man, one cell principle lurking in the Due Process Clause of the Fifth Amendment.'" (quoting *Bell v. Wolfish*, 441 U.S. 520, 542 (1979))). More is needed to demonstrate that such crowded conditions, for a pretrial detainee, shocks the conscience and thus violates due process rights. *See Hubbard v. Taylor*, 538 F.3d 229, 233 (3d Cir. 2008) (noting due process analysis requires courts to consider whether the totality of the conditions "cause[s] inmates to endure such genuine privations and hardship over an extended period of time, that the adverse conditions become excessive in relation to the purposes assigned to them."). Some relevant factors are the dates and length of the confinement(s), whether Plaintiff was a pretrial detainee or convicted prisoner, etc.

9.   Moreover, to the extent he intends to state such a claim, Plaintiff has not sufficiently alleged a Fourth Amendment violation for an improper strip search. Under the Fourth Amendment, inmates have a limited right of bodily privacy "subject to reasonable intrusions necessitated by the prison

4

setting." *Parkell v. Danberg*, 833 F.3d 313, 325 (3d Cir. 2016). This right is very narrow, however. *Id.* at 326.

    10.  "The test of reasonableness under the Fourth Amendment . . . requires a balancing of the need for the particular search against the invasion of personal rights that the search entails. Courts must consider the scope of the particular intrusion, the manner in which it is conducted, the justification for initiating it, and the place in which it is conducted." *Bell v. Wolfish*, 441 U.S. 520, 559 (1979). A prisoner search policy is constitutional if it strikes a reasonable balance between the inmate's privacy and the needs of the institution. *Parkell*, 833 F.3d at 326 (citing *Florence v. Bd. of Chosen Freeholders of Cty. of Burlington*, 132 S. Ct. 1510, 1515, 1517 (2012)).

    11.  Plaintiff's cursory allegation that he was strip searched is insufficient to state a claim for relief. In the absence of further facts regarding the circumstances of the search, the claim cannot proceed at this time. Plaintiff may amend this claim in an amended complaint, however, if he intends to assert it.

    12.  As Plaintiff may be able to amend his complaint to address the deficiencies noted by the Court,[2] the Court shall

---

[2] To the extent the complaint seeks relief for conditions Plaintiff encountered during his confinement from 2006 to 2007, those claims are barred by the statute of limitations and must be dismissed with prejudice. Claims brought under § 1983 are

grant Plaintiff leave to amend the complaint within 30 days of the date of this order.[3]

13.   Plaintiff should note that when an amended complaint is filed, the original complaint no longer performs any function in the case and cannot be utilized to cure defects in the amended complaint, unless the relevant portion is specifically incorporated in the new complaint. 6 Wright, Miller & Kane, Federal Practice and Procedure 1476 (2d ed. 1990) (footnotes omitted). An amended complaint may adopt some or all of the allegations in the original complaint, but the identification of the particular allegations to be adopted must be clear and explicit. *Id.* To avoid confusion, the safer course is to file an amended complaint that is complete in itself. *Id.* The amended complaint may not adopt or repeat claims that have been dismissed with prejudice by the Court.

---

governed by New Jersey's two-year limitations period for personal injury. *See Wilson v. Garcia*, 471 U.S. 261, 276 (1985); *Dique v. N.J. State Police*, 603 F.3d 181, 185 (3d Cir. 2010). "Under federal law, a cause of action accrues when the plaintiff knew or should have known of the injury upon which the action is based." *Montanez v. Sec'y Pa. Dep't of Corr.*, 773 F.3d 472, 480 (3d Cir. 2014). The allegedly unconstitutional conditions of confinement at CCJ would have been immediately apparent to Plaintiff at the time of his detention; therefore, the statute of limitations for Plaintiff's 2006 to 2007 claims expired, at the latest, in 2009. In the event Plaintiff elects to file an amended complaint, he should focus on facts that occurred during his 2016 confinement.
[3] The amended complaint shall be subject to screening prior to service.

14. For the reasons stated above, the complaint is dismissed without prejudice for failure to state a claim. The Court will reopen the matter in the event Plaintiff files an amended complaint within the time allotted by the Court.

15. An appropriate order follows.


**February 21, 2017**             **s/ Jerome B. Simandle**
Date                              JEROME B. SIMANDLE
                                  Chief U.S. District Judge